UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION MIAMI

C.A. NO.

| | |
|---|---|
| FIFTY-SIX HOPE ROAD MUSIC, LTD.<br>and ZION ROOTSWEAR LLC.,<br>    Plaintiffs,<br><br>        v.<br><br>AAA SILK SCREEN CORP., E.D.S.<br>ENTERPRISES, Inc. d/b/a PLATINUM<br>IMAGE, DAVID GREENE, Individually<br>and as officer, director, employee and<br>shareholder of AAA SILK SCREEN CORP.<br>and E.D.S. ENTERPRISES, INC. d/b/a<br>PLATINUM IMAGE, ERIC GREENE,<br>Individually and as officer, director<br>employee and shareholder of AAA SILK<br>SCREEN CORP. and E.D.S. ENTERPRISES,<br>INC. d/b/a PLATINUM IMAGE, SHARYN<br>GREENE, Individually and as officer,<br>director, employee and shareholder of<br>AAA SILK SCREEN CORP. and E.D.S.<br>ENTERPRISES, INC. d/b/a PLATINUM<br>IMAGE, RESORTS SUPER STORE, INC.<br>d/b/a NAUTICAL BREEZE and<br>PINCHAS BABAYOFF, Individually and as<br>officer, director, employee and shareholder of<br>RESORTS SUPERSTORE, INC.<br>d/b/a NAUTICAL BREEZE<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

06 - 20145
CIV-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

*COMPLAINT*

This is an action for infringement of a federally registered trademark and for federal

unfair competition under the Lanham Act, *inter alia*, 15, U.S.C. §§ 1114, 1125(a); infringement

of the common law right of publicity and commercial appropriation of celebrity identity;

C.A. NO.

common law trademark infringement, breach of contract/settlement agreements and for specific performance.

### *PARTIES*

1.  Plaintiff, Fifty-Six Hope Road Music, Ltd., (hereinafter "Hope Road") is a corporation existing under the laws of the Commonwealth of Bahamas, having a principal place of business at Aquamarine House, Cable Beach, Nassau, Bahamas.

2.  Plaintiff, Zion Rootswear, LLC (hereinafter "Zion" or collectively with Hope Road as "Plaintiffs") is a Limited Liability Corporation duly organized and existing under the laws of the State of Florida, having a principal place of business at 465 Tresca Road, Jacksonville, Florida.

3.  For clarity, Defendants AAA Silk Screen Corp., E.D.S. Enterprises, Inc. d/b/a Platinum Image, David Greene, Eric Greene and Sharyn Greene will be collectively referred to throughout the Complaint and pleadings as the "Greene Defendants."    The remaining defendants, Resorts Superstore d/b/a Nautical Breeze and Pinchas Babayoff will be collectively referred to throughout the Complaint and pleadings as the "Nautical Defendants."

4.  Upon information and belief, Defendant, AAA Silk Screen Corp. ("AAA" and collectively as the "Greene Defendants"), is a Florida Corporation with a principal place of business at 2731 N.W. 30th Ave, Lauderdale Lakes, Florida.

5.  Upon information and belief, Defendant, E.D.S. Enterprises, Inc. d/b/a Platinum Image ("EDS" and collectively as the "Greene Defendants"), is a Florida Corporation with retail address locations of 18364 N.W. 7th Ave, Miami, Florida,

C.A. NO.

and 900 W. Sunrise Boulevard, Fort Lauderdale, Florida, with a mailing address of 2731 NW 30th Street Ave, Lauderdale Lakes, Florida.

6.    Upon information and belief, Defendant, David Greene ("David Greene" and collectively as the "Greene Defendants") is an individual residing at 19868 Dinner Key Drive, Boca Raton, Florida, and is an officer, director, shareholder, owner, proprietor and operator of the various corporate entities comprising the Greene Defendants.

7.    Upon information and belief, Defendant, Eric Greene ("Eric Greene" and collectively as the "Greene Defendants") is an individual residing in Fort Lauderdale, Florida, and is the president, director, shareholder, owner, proprietor and operator of the various corporate entities comprising the Greene Defendants.

8.    Upon information and belief, Defendant, Sharyn Greene ("Sharyn Greene" and collectively as the "Greene Defendants") is an individual residing at 19868 Dinner Key Drive, Boca Raton, Florida, and is an officer, director, shareholder, owner, proprietor and operator of the various corporate entities comprising the Greene Defendants.

9.    Upon information and belief, Defendant Resorts Superstore, Inc. d/b/a Nautical Breeze is a Florida Corporation with a principal place of business at 3146 NE 9th Street Fort Lauderdale, Florida (hereinafter with Pinchas Babayoff collectively referred to as the "Nautical Defendants").

10.   Upon information and belief, Defendant Pinchas Babayoff (hereinafter with Resorts Superstore, Inc. d/b/a Nautical Breeze collectively referred to as the

C.A. NO.

"Nautical Defendants") is an individual with an address of 3146 N.E. 9th Street, Fort Lauderdale, Florida.

### JURISDICTION AND VENUE

11.    This Court has original jurisdiction over this matter pursuant to 15 U.S.C. §1121, 28 U.S.C. § 1338, 28 U.S.C. § 1331, and 28 U.S.C. § 1332. The Court also has pendent jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b).

### FACTS COMMON TO ALL COUNTS

13.    Hope Road, is the owner of a federal trademark registration in and to the name "Bob Marley" for, inter alia, class 25 for tee shirts.  The Registration is listed on the Principal Register with the United States Patent and Trademark office.  A true copy of the Registration is annexed hereto and incorporated herein by reference as Exhibit "1".

14.    In addition, Hope Road is the owner and exclusive licensor of certain rights in the picture, name, photograph, likeness, image, signature and other indicia of the late Bob Marley (hereinafter the trademark and publicity rights are collectively referred to as the "Marley Rights").  The Corporation is owned, operated and controlled by the surviving children of the late Bob Marley.

15.    On and before 1990, Hope Road, as the owner and exclusive licensor of the name Bob Marley, has used the Marley Rights in commerce on numerous products, including but not limited to tee shirts, thermal shirts, jackets, hats, caps, sweatshirts and other general merchandise.

C.A. NO.

16.   On January 1, 1998, Zion entered into a Licensing Agreement with Hope Road, which grants Zion the world-wide exclusive right to use the Marley Rights on tee shirts (long and short) hats and other general merchandise (hereinafter referred to as the "Licensed Products").

17.   As a result of its marketing and selling tee shirts hats and other general merchandise, Zion has gained recognition and good will in its trade name "Zion Rootswear" and also its use of the Registered Mark for the image, likeness, photograph, name, signature and other indicia of Marley depicted in its products.

18.   Plaintiffs have actively marketed and sold the Licensed Product within numerous geographical territories, including the State of Florida.

19.   Upon information and belief, the Greene Defendants are in the business of manufacturing, distributing, retailing, advertising, promoting and selling tee shirts hats and other general merchandise. Upon information and belief, the Greene Defendants have been manufacturing, distributing and selling tee shirts hats and other general merchandise bearing and/or depicting the Marley Rights, without a license and the products manufactured and sold by the Greene Defendants are substantially similar to Zion's Registered Mark products and they create a likelihood of confusion as to the origin and constitute an infringement of the Plaintiffs' rights.

20.   In addition, upon information and belief the Nautical Defendants are in the business of operating retail sales locations and have been selling tee shirts hats and other general merchandise bearing and/or depicting the Marley Rights, without a license and the products sold by the Nautical Defendants are

5

C.A. NO.

substantially similar to Zion's Registered Mark products and they create a likelihood of confusion as to the origin and constitute an infringement of the Plaintiffs' rights.

21.   Neither the Greene nor Nautical Defendants have ever sought or obtained a license to manufacture, distribute or sell tee shirts, hats or any other product bearing and/or depicting the Marley Rights from either of the Plaintiffs.

22.   On or about September 9, 2005, an agent of Plaintiffs traveled to Platinum Image's retail location located at 900 W. Sunrise Boulevard and purchased infringing Marley product being offered for sale at that location.   A true photographic copy of the t-shirt is annexed hereto and incorporated herein by reference as Exhibit "2;" a true copy of the business card obtained from the location is annexed hereto and incorporated herein by reference as Exhibit "3."

23.   The t-shirt design being offered for sale at the Platinum Image Sunrise Boulevard location is an exact copy of one of Zion's Licensed Products.   A true representative sample of Zion Licensed Product is annexed hereto and incorporated herein by reference for comparison as Exhibit "2A."

24.   In addition, on or about September 26, 2005, an agent of Plaintiffs traveled to Platinum Image's location at 18364 NW 7th Ave and purchased infringing Marley product being offered for sale at that location. A true photographic copy of the t-shirts are annexed hereto and incorporated herein by reference as Exhibits "4" and "5" respectively; a true copy of the business card obtained from the NW 7th Ave location is annexed hereto and incorporated herein by reference as Exhibit "6."

6

C.A. NO.

25.    The t-shirts purchased at the NW 7th Ave location are exact copies of Zion Licensed Products.  True representative samples of Zion Licensed Product are annexed hereto and incorporated herein by reference for comparison as Exhibits "4A" and "5A" respectively.  It is evident from the face of the t-shirts purchased at the NW 7th Ave location that the Greene Defendants are attempting to pass the goods off as the licensed products of Hope Road and Zion.  Specifically, the unauthorized t-shirts contain on the face of the shirts in one instance an exact copy of the Bob Marley trademark logo, and in the second instance contains Hope Road and Zion's legal line that they place on the Licensed Products, despite the fact that these goods do not have their origin with either Hope Road or Zion.

26.    In addition, on or about September 19, 2005, an agent of Plaintiffs traveled to Nautical Breeze located at 3146 NE 9th Street Fort Lauderdale, Florida and purchased infringing Marley product being offered for sale at that location.  A true photographic copy of the t-shirts are annexed hereto and incorporated herein by reference as Exhibits "7" and "8" respectively; a true copy of the handwritten receipt confirming the purchase is annexed hereto and incorporated herein by reference as Exhibit "9."

27.    The t-shirts purchased at the Nautical Breeze location are exact copies of Zion Licensed Products.  True representative samples of Zion Licensed Product are annexed hereto and incorporated herein by reference for comparison as Exhibits "7A" and "8A" respectively.  Again it is evident from the face of the t-shirts purchased at the Nautical location that both the Greene Defendants and the Nautical Defendants are attempting to pass the goods off as the licensed products

7

C.A. NO.

of Hope Road and Zion, as the shirts from that location contain a copy of the Bob Marley Trademark and the name of Zion Rootswear, despite the fact that these goods do not have their origin with either Hope Road or Zion.

28. The Greene Defendants are in the business of manufacturing and distributing unauthorized t-shirts. On three prior occasions the Plaintiffs have confiscated goods manufactured and sold by the Greene Defendants, having seized goods at AAA's manufacturing site, from booths operated by the Greene Defendants at the Fort Lauderdale Swap Shop in Fort Lauderdale, Florida and from retailers to whom the Greene Defendants have sold their unauthorized products.

29. The Plaintiffs are familiar with the products manufactured, distributed and sold by the Greene Defendants. The Plaintiffs have examined the infringing products purchased at Platinum Image and Nautical Breeze and it appears beyond doubt that these are designs created, manufactured and sold by the Greene Defendants. The Greene Defendants are the proprietors of the Platinum retail location. All of the Greene Defendants are bound by Permanent Injunction Orders issued by this Court, which restrains them from being involved in any manner with the manufacture, distribution and sale of any unauthorized goods. Annexed hereto and incorporated herein by reference as Exhibits "10", "11" and "12" are true copies of the Permanent Injunction Orders against the Greene Defendants.

30. The goods purchased at Platinum and Nautical Breeze are similar and in some instances identical designs that have been seized from the Greene Defendants in the past.

8

C.A. NO.

31.     The Greene Defendants' manufacture, sale and distribution of unauthorized goods, as well as the sale of unauthorized goods by the Nautical Defendants, constitutes trademark infringement of the world famous Bob Marley trademark, unfair competition under the Lanham Act and infringement of the exclusive rights to publicity.  The Greene Defendants' actions further constitute contempt of the Permanent Injunction Orders as well as breach of the Settlement Agreements entered into with Plaintiffs.

**COUNT I**
***(Infringement of a Federally Registered Trademark)***
***(Fifty-Six Hope Road v. Greene Defendants & Nautical Defendants)***

32.     The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-31 and incorporates each herein by reference.

33.     Hope Road is the owner of a federal trademark registration 2,349,361 for, <u>inter alia,</u> class 25 for tee shirts.  The Registration is listed on the Principal Register with the United States Patent and Trademark office.  See Exhibit "1."

34.     The Greene Defendants and the Nautical Defendants are using in commerce, without the Plaintiff's consent, a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark.

35.     The Greene Defendants and Nautical Defendants use of the Plaintiff's registered trademark is likely to cause confusion and is in fact causing confusion, in violation of 15 U.S.C. § 1114(1) (a).

36.     Purchasers are likely to purchase the Greene Defendants' and the Nautical Defendants' goods bearing the "Bob Marley" trademark believing they are Plaintiff's authorized products.

C.A. NO.

37.   The Plaintiff has no control over the quality of the goods sold by the Greene Defendants and Nautical Defendants and because of the confusion as to the source engendered by such sale, the Plaintiff's valuable goodwill in respect to its registered trademark is being irreparably harmed.

38.   The use by the Greene Defendants and Nautical Defendants of the "Bob Marley" registered trademark on their expanded product lines has caused confusion and mistake and deception of purchasers as to the source of origin of its goods that falsely suggest that their Infringing Products are sponsored by, licensed by or otherwise affiliated with the Plaintiff.   These actions constitute trademark infringement and are in violation of, inter alia 15 U.S.C. § 1114(a).

39.   The use by Greene Defendants and Nautical Defendants of the "Bob Marley" registered trademark has resulted in the dilution of Hope Road's exclusive rights.

40.   The infringement by the Greene Defendants and Nautical Defendants has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's registered trademark.

41.   The goodwill of the Plaintiff's business under its "Bob Marley" registered trademark is of enormous value, and the Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

42.   Plaintiff has no adequate remedy at law available and is suffering and will continue to suffer irreparable harm and damages as a result of the aforesaid acts of the Greene Defendants and Nautical Defendants, unless an ex-parte seizure order is granted and the Greene Defendants and Nautical Defendants are enjoined and

C.A. NO.

restrained from the manufacture, distribution, advertisement and sale of their Infringing Products.

## COUNT II
### *(False Designation of Origin and Unfair Competition under 15 U.S.C. §1125 (a))*
### *(Fifty Six Hope Road v. Greene Defendants & Nautical Defendants)*

43.   The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-42 and incorporates each herein by reference.

44.   Over the years, Hope Road has expended considerable resources in establishing the Bob Marley trademark in the minds of customers as a source of high quality product endorsed by the heirs of the late, great Reggae performer and songwriter. Hope Road is well known throughout the United States and the world as a source of origin for authorized Bob Marley product, including but not limited to tee shirts, hats and the like.

45.   The use by the Greene Defendants and Nautical Defendants of the "Bob Marley" trademark on their Infringing Products is likely to cause confusion or mistake or deception to the consuming public as to the source of origin of those goods.

46.   Purchasers are likely to purchase the Greene Defendants' and the Nautical Defendants' goods bearing the "Bob Marley" trademark believing they are Plaintiff's authorized products.

47.   The Plaintiff has no control over the quality of the goods sold and because of the confusion as to the source engendered by the Greene Defendants and Nautical Defendants, the Plaintiff's valuable goodwill in respect to its trademark will be irreparably harmed.

C.A. NO.

48.     The use by the Greene Defendants and Nautical Defendants of the "Bob Marley" trademark on their expanded product lines has caused confusion and mistake and deception of purchasers as to the source of origin of its goods which falsely suggest that their Infringing Products are sponsored by, licensed by or otherwise affiliated with the Plaintiff.  These actions constitute unfair competition and a false designation of origin and are in violation of, inter alia 15 U.S.C. § 1125(a).

49.     The infringement by the Greene Defendants and Nautical Defendants has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's trademark.

50.     The goodwill of the Plaintiff's business under its "Bob Marley" registered trademark is of enormous value, and the Plaintiff is suffering and will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

51.     Plaintiff has no adequate remedy at law available and is suffering and will continue to suffer irreparable harm and damages as a result of the aforesaid acts of the Greene Defendants and Nautical Defendants, unless the Greene Defendants and Nautical Defendants are enjoined and restrained from the manufacture, distribution, advertisement and sale of their Infringing Products.

### COUNT III
### *(Violation of Common Law Rights of Publicity.)*
### *(Fifty-Six Hope Road v. Greene Defendants and Nautical Defendants)*

52.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-51 and incorporates each herein by reference.

C.A. NO.

53.     HOPE ROAD is a corporation owned, operated and controlled by the surviving children of Bob Marley.

54.     Marley was a singer and performer who gained worldwide renown for his image, name, likeness, music and performances. For many years before his death, Marley worked diligently to become and became an extremely successful songwriter, vocalist, musician, and recording artist. As a consequence of his abilities and efforts, Marley created a general acceptance and good will for his name and likeness, the effect of which was to create an absolute, incorporeal, and transferable property right with a substantial commercial value in the eyes of the public.

55.     Said rights descended to his heirs upon Marley's death and are now owned and controlled by HOPE ROAD. Accordingly, the Plaintiff in this claim for relief owns the valuable right of publicity in connection with Marley's name, photograph, image, persona, likeness and reputation.

56.     Bob Marley was domiciled at the time of his death in Jamaica, and his estate, without objection, was submitted for probate in 1981 in Jamaica. Jamaica recognizes a post-mortem right of publicity. See Decision of the Jamaican Supreme Court annexed hereto as Exhibit "13."

57.     The Greene Defendants and the Nautical Defendants are each using, without the Plaintiff's permission, identifiable aspects of Marley's identity for promotional and advertising purposes and are falsely and misleadingly implying that the Plaintiff promotes, sponsors and/or has endorsed their Infringing Products.

C.A. NO.

58. The Greene Defendants and the Nautical Defendants are each infringing upon HOPE ROAD' exclusive common law rights of publicity under Jamaican Law and are falsely misleading the public that HOPE ROAD endorses, sponsors, promotes, sanctions or is otherwise affiliated with them.

59. HOPE ROAD has not granted the Greene Defendants or the Nautical Defendants a license or other authorization to use the Marley Rights in the manner in which they used and continue to use those property rights as averred above.

60. The acts and conduct of the Greene Defendants and the Nautical Defendants, and each of them, alleged above constitute a violation of HOPE ROAD's common law right of publicity in that their appropriation of Marley's name, photograph, image, persona and likeness was intended to promote, advertise, and solicit sales of infringing merchandise by members of the public and for the purpose of generating substantial profits. Said appropriation was for the Greene Defendants' and the Nautical Defendants' advantage in that the Marley Rights were used to create and enhance their pecuniary gain and profit resulting from the promotion and advertisement and to boost and increase sales of their Infringing Products.

61. As a proximate result of the acts and conduct of the Greene Defendants and the Nautical Defendants, and each of them, as alleged above, HOPE ROAD has suffered damages.

62. As a proximate result of the acts and conduct of the Greene Defendants and the Nautical Defendants, and each of them, alleged above, the Greene Defendants and the Nautical Defendants, and each of them, have earned and will continue to earn profits as a result of the use of the Marley Rights in an amount which is not yet

C.A. NO.

known with precision but which will be proved at trial. HOPE ROAD is entitled to recover all the profits earned by the Greene Defendants and the Nautical Defendants as a result of their unauthorized use of the Marley Rights for commercial purposes.

63.     Upon information and belief, the Greene Defendants and the Nautical Defendants, and each of them, knew that HOPE ROAD owned the exclusive rights to publicity and was the only entity that could authorize the use of the Marley Rights. Upon further information and belief each of them, knew that they did not have the right, permission or authority from HOPE ROAD that they needed to have in order to manufacture, promote and sell merchandise containing the Marley Rights. Notwithstanding this knowledge, the Greene Defendants and the Nautical Defendants, and each of them, intentionally, willfully, fraudulently and maliciously engaged in the wrongful conduct alleged above in conscious disregard of HOPE ROAD's rights. By reason of the foregoing, HOPE ROAD is entitled to an award of exemplary damages against them, jointly and severally.

64.     Upon information and belief, the Greene Defendants and the Nautical Defendants threaten and continue to threaten to engage in the infringing acts and conduct hereinabove averred and, unless restrained and enjoined from doing so by this Court, will continue to engage in said wrongdoing. Plaintiff has no adequate remedy at law to address these wrongs. Plaintiff seeks to enjoin them from doing business and using the name, image, likeness, signature or other indicia of Marley or any other trademark so similar to the Plaintiff's trademark that their products are likely to be mistaken for Plaintiff's. HOPE ROAD will sustain great and

C.A. NO.

irreparable injury that cannot be wholly and adequately compensated or measured in monetary damages unless said infringing acts and conduct is enjoined preliminarily pending trial and permanently after trial. HOPE ROAD has no plain, speedy or adequate remedy at law, and by reason thereof, is entitled to a preliminary and permanent injunction.

## COUNT IV
### *(Common Law Trade Mark Infringement)*
### *(Fifty-Six Hope Road v. Greene Defendants & Nautical Defendants)*

65.   Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 –64 and incorporates each herein by reference.

66.   Plaintiff's use of its trademark, name, image, likeness, signature and other indicia of Marley has been sufficiently extensive so that members of the public on seeing the Greene Defendants' and the Nautical Defendants' use of the Marley name, image, likeness, signature and other indicia for design on or for clothing are actually being deceived or confused and others will likely be deceived or confused and believe that the Greene Defendants' and the Nautical Defendants' products have their origins with Plaintiff or are sponsored by or affiliated with Plaintiff.

67.   Plaintiff has no adequate remedy at law and is suffering and unless the Greene Defendants and the Nautical Defendants are enjoined will continue to suffer irreparable harm and damage as a result of the aforesaid unlawful acts.

68.   The wrongful acts as set forth above have caused Plaintiff to suffer and will continue to cause Plaintiff to suffer damages in an amount to be determined by the trier of fact.

C.A. NO.

69.    These actions constitute infringement of Plaintiff's common law trademark rights.

### COUNT V
### (Breach of Contract/Settlement Agreement)
### (Plaintiffs v. AAA Silk Screen, David Greene & Eric Greene)

70.    Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1
       –69 and incorporate each herein by reference.

71.    In March of 2002, Plaintiffs commenced an action in the United States District
       Court Southern District of Florida (hereinafter "March 2002 Litigation") against
       AAA Silk Screen Corp. and its officers, directors, shareholders and employees,
       for among other things infringement and unfair competition under the Lanham
       Act.

72.    David and Eric Greene in March of 2002 were each officers, directors,
       shareholders and employees of AAA Silk Screen Corp.

73.    After securing an ex-parte seizure order, the Plaintiffs seized several hundred
       pieces of infringing Bob Marley merchandise from AAA Silk Screen Corp.

74.    In that litigation, AAA Silk Screen Corp. and its officers, directors, shareholders
       and employees consented to the entry of a permanent injunction (Exhibit "10") in
       favor of the Plaintiffs and further entered into a Settlement Agreement whereby
       they agreed to among other things, refrain from any further utilization of the
       Plaintiff's trademark rights, and to pay certain financial penalties if they engaged
       in any further infringement of the Plaintiffs rights.  A true copy of the April 8,
       2002 Settlement Agreement is annexed hereto and incorporated herein by
       reference as Exhibit "14."

C.A. NO.

75.   Despite the permanent injunction order and despite the Settlement Agreement, the Defendants AAA Silk Screen Corp., Eric Greene and David Greene violated those agreements and continued to manufacture, distribute and sell merchandise that infringed upon the Plaintiffs trademark rights.

76.   Specifically, in June of 2002, the Plaintiffs commenced an action in the United States District Court Southern District of Florida (Fort Lauderdale) (hereinafter "June 2002 Litigation") against several proprietors at the Fort Lauderdale Swap Shop.

77.   When effectuating the ex-parte seizure order at the Swap Shop, the Plaintiffs discovered Mr. David Greene, individual and officer and director of AAA Silk Screen Corp., offering for sale infringing merchandise in violation of the April 2002 Permanent Injunction Order and April 2002 Settlement Agreement.

78.   As a result of the June 2002 Litigation, David Greene consented to the entry of a second permanent injunction order (Exhibit "11") against him and any companies in active concert or participation with him (including AAA Silk Screen Corp.) from engaging in any further infringement and unfair competition of the Plaintiffs' trademark rights.

79.   David Greene and those companies in active concert or participation with him entered into a second Settlement Agreement in August of 2002 and again agreed to refrain from any further utilization or infringement of the Plaintiff's trademark rights.  A true copy of the August 30, 2002 Settlement Agreement is annexed hereto and incorporated herein by reference as Exhibit "15."

C.A. NO.

80. Despite the permanent injunction order and despite the Settlement Agreements, the Defendants AAA Silk Screen Corp., Eric Greene and David Greene violated those agreements and continued to manufacture, distribute and sell merchandise that infringed upon the Plaintiff's trademark rights.

81. Specifically, on December 13, 2002, the Plaintiffs commenced an action in the United States District Court Southern District of Florida (Miami) (hereinafter "December 2002 Litigation").

82. After securing an ex-parte seizure order, the Plaintiffs seized several screens and t-shirts depicting Marley from the AAA Silk Screen Corp. location.

83. In that litigation, AAA Silk Screen Corp. and David Greene and its officers, directors, shareholders and employees consented to the entry of a permanent injunction (Exhibit "12") in favor of the Plaintiffs (which was entered by the Court on December 5, 2003) and further entered into a Settlement Agreement dated January 20, 2004 whereby they agreed to among other things, refrain from any further utilization of the Plaintiff's trademark rights, and to pay certain financial penalties if they engaged in any further infringement of the Plaintiffs rights. A true copy of the January 20, 2004 Settlement Agreement is annexed hereto and incorporated herein by reference as Exhibit "16."

84. Despite the permanent injunction orders and despite the Settlement Agreements, the Defendants AAA Silk Screen Corp., Eric Greene and David Greene have again violated those agreements by continuing to manufacture, distribute and sell merchandise that infringes upon the Plaintiff's intellectual property rights.

85.     Specifically, according to the Division of Corporations for the State of Florida printout and the 2005 Annual Report of AAA Silk Screen Corp., the officers of AAA are David Greene and Sharyn Greene, and the Company continues to list 2731 NW 30th Ave as its principal place of business. A true copy of the Division of Corporations Printout is annexed hereto and incorporated herein by reference as Exhibit "17;" a true copy of the 2005 Annual Report for AAA Silk Screen is annexed hereto and incorporated herein by reference as Exhibit "18." The officers of AAA continue to list their address as 19868 Dinner Key Drive, Boca Raton, Florida.

86.     In addition, according to the Division of Corporations for the State of Florida printout and the most recent Annual Report filed by E.D.S. Enterprises, Inc., David Greene and Sharyn Greene were removed as officers and Eric Greene was appointed the sole officer on March 30, 2004, shortly after the January 2004 Settlement Agreement. A true copy of the Division of Corporations printout is annexed hereto and incorporated herein by reference as Exhibit "19;" a true copy of the 2004 Annual Report for EDS is annexed hereto and incorporated herein by reference as Exhibit "20." E.D.S. Enterprises lists is principal place of business at 900 W. Sunrise Boulevard, Fort Lauderdale, and its mailing address at 2731 NW 30th Street, Lauderdale Lakes, Florida, the same address utilized by AAA Silk Screen Corp.

87.     E.D.S. Enterprises is further the registered holder of two Fictitious Name Registrations for the name Platinum Image, said registrations having been obtained on January 30, 2002 and September 18, 2002 by David Greene. True

copies of the Registrations are annexed hereto and incorporated herein by reference as Exhibits "21" and "22" respectively.    The Registrations list the address of Platinum Image as 18364 NW 7th Avenue, Miami, Florida, the same location that investigators working on Plaintiff's behalf purchased unauthorized Bob Marley designs.

88.    In addition, on September 19, 2005, investigators working on Plaintiff's behalf purchased infringing designs from Nautical Breeze, which designs are identical to the designs being sold at Platinum Image.

89.    These actions and other actions of the Greene Defendants of manufacturing, distributing and selling merchandise depicting the Marley Rights after the dates of the Settlement Agreements constitute breach of the Settlement Agreements.

90.    As the direct and proximate result of the Defendants breaches of the Settlement Agreements, the Plaintiffs have suffered damages.

### COUNT VI
### *(Specific Performance of Contract/Settlement Agreements)*
### *(Plaintiffs v. AAA Silk Screen & David Greene)*

91.    Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 –90 and incorporate each herein by reference.

92.    The Plaintiffs and the Greene Defendants entered into valid and enforceable Settlement Agreements wherein the Greene Defendants agreed to refrain from further violating the Plaintiff's intellectual property rights and agreed to an award of injunctive relief and fixed monetary damages in the event the Greene Defendants breached the Settlement Agreements.

C.A. NO.

93.     The Greene Defendants have, in breach of all of the Settlement Agreements, engaged in further acts of infringement of the Plaintiffs' intellectual property rights.

94.     Accordingly, the Plaintiffs are entitled to have the court specifically enforce the Settlement Agreements entered into between the Parties and award injunctive and monetary relief.

95.     The Plaintiffs have suffered damages as a direct and proximate result of the breaches of the Settlement Agreements entered into with the Greene Defendants.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs demand relief as follows:

A.      That the Court grant an ex-parte order authorizing the immediate seizure of any and all infringing product in the possession, custody or control of the Greene Defendants and the Nautical Defendants;[1]

B.      That the Court grant an ex-parte order immediately restraining the Greene Defendants and the Nautical Defendants, their partners, subsidiaries, officers, agents, servants, employees, attorneys and those persons or companies in active concert or participation with them from:

> (a) Importing into or exporting to the United States, its territories or possessions, any goods which bear a copy of the name, image, likeness, photograph, signature or other indicia of Bob Marley or any confusingly similar variations thereon, which goods are not authorized by Plaintiffs for sale in the United States or elsewhere (hereinafter called Marley goods):

---

[1] The Plaintiffs have duly notified the United States Attorney of its intentions to seek an ex-parte seizure order as required under 15 U.S.C. §1116 (d) (2).  A copy of the Notice Letter is attached hereto and incorporated herein by reference as Exhibit "23."

C.A. NO.

(b) Exporting from, or importing into any foreign country from, the United States, its territories or possessions, any counterfeit Marley goods;

(c) Manufacturing, assembling, or participating in the manufacture or assembly of any counterfeit Marley goods;

(d) Infringing Plaintiffs' established proprietary rights in the Marley trademark and all protectable variations thereof and the rights to publicity, by further promoting advertising, publishing or offering for sale, goods which bear a copy of the name, image, likeness, photograph, signature or other indicia of Marley or any confusingly similar variations thereof;

(e) Otherwise infringing Plaintiffs' established proprietary rights at common law and in the above-identified mark and registration granted as to name, image, likeness, photograph, signature or other indicia of Bob Marley;

(f) Competing unfairly with Plaintiffs in any manner by continued use or sale of counterfeit Marley goods or any goods bearing or depicting the name, image, likeness, photograph, signature or other indicia of Marley or any colorable variations or imitations thereof;

(g) Further damaging Plaintiffs' established goodwill and reputation by diluting the distinctiveness of Plaintiffs' established proprietary rights in Marley by holding themselves out as having any business relationship with the Plaintiffs, or either of them.

(h) Competing unfairly with Plaintiffs by passing off counterfeit Marley goods as genuine goods of Plaintiffs; and

(i) Buying, selling or in any way dealing with counterfeit Marley goods or any goods bearing a copy of the Marley Rights or any colorable variations or imitations thereof

(j) and further the Greene Defendants and Nautical Defendants are ordered to escrow any and all proceeds, monies, drafts, accounts or monies of any kind due or to become due on account of or in any manner related to the manufacture, sale, advertising and distribution of any product bearing the picture, name, likeness, image, signature or any other indicia of Marley.

C.      That the Court issue a Short Order of Notice on Plaintiffs' Request for a Preliminary Injunction;

C.A. NO.

D.   That upon return and after hearing that the Court issue an order preliminarily

enjoining the Greene Defendants and the Nautical Defendants, their partners,

subsidiaries, officers, agents, servants, employees, attorneys and those persons or

companies in active concert or participation with them, or any of them from:

(a) Importing into or exporting to the United States, its territories or possessions, any goods which bear a copy of the name, image, likeness, photograph, signature or other indicia of Bob Marley or any confusingly similar variations thereon, which goods are not authorized by Plaintiffs for sale in the United States or elsewhere (hereinafter called Marley goods):

(b) Exporting from, or importing into any foreign country from, the United States, its territories or possessions, any counterfeit Marley goods;

(c) Manufacturing, assembling, or participating in the manufacture or assembly of any counterfeit Marley goods;

(d) Infringing Plaintiffs' established proprietary rights in the Marley trademark and all protectable variations thereof and the rights to publicity, by further promoting advertising, publishing or offering for sale, goods which bear a copy of the name, image, likeness, photograph, signature or other indicia of Marley or any confusingly similar variations thereof;

(e) Otherwise infringing Plaintiffs' established proprietary rights at common law and in the above-identified mark and registration granted as to name, image, likeness, photograph, signature or other indicia of Bob Marley;

(f) Competing unfairly with Plaintiffs in any manner by continued use or sale of counterfeit Marley goods or any goods bearing or depicting the name, image, likeness, photograph, signature or other indicia of Marley or any colorable variations or imitations thereof;

(g) Further damaging Plaintiffs' established goodwill and reputation by diluting the distinctiveness of Plaintiffs' established proprietary rights in Marley by holding themselves out as having any business relationship with the Plaintiffs, or either of them.

(h) Competing unfairly with Plaintiffs by passing off counterfeit Marley goods as genuine goods of Plaintiffs; and

24

C.A. NO.

(i) Buying, selling or in any way dealing with counterfeit Marley goods or any goods bearing a copy of the Marley Rights or any colorable variations or imitations thereof.

(j) and further the Greene Defendants and Nautical Defendants are ordered to escrow any and all proceeds, monies, drafts, accounts or monies of any kind due or to become due on account of or in any manner related to the manufacture, sale, advertising and distribution of any product bearing the picture, name, likeness, image, signature or any other indicia of Marley.

E.      That after a hearing on the merits the Court issue an order permanently enjoining the Greene Defendants and the Nautical Defendants, their partners, subsidiaries, officers, agents, servants, employees, attorneys and those persons or companies in active concert or participation with them as set forth above;

F.      Under Count I that the Court determine and declare that:

    1)      the Greene Defendants and the Nautical Defendants are using in commerce, without the Plaintiff's consent, a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark.

    2)      the Greene Defendants and Nautical Defendants' use of the Plaintiff's registered trademark is likely to cause confusion and is in fact causing confusion, in violation of  15 U.S.C. § 1114(1) (a).

G.  Under Counts II that the Court determine and declare that:

    1) the Greene Defendants and the Nautical Defendants each willfully and deliberately engaged in unfair competition by using  the picture, name, image, likeness, signature and other indicia of Marley so as to infringe upon the Plaintiff's rights;

25

C.A. NO.

2) the use by the Greene Defendants and the Nautical Defendants was each a false designation of origin which tended to falsely represent that their goods were supplied by, sponsored by or were affiliated with the Plaintiff;

H. Under Count III that the Court determine and declare that the Greene Defendants and the Nautical Defendants each infringed the Plaintiff's common law rights of publicity in and to the name, image, likeness, photograph, trademark, signature and other indicia of Bob Marley by using said rights without authorization;

I. Under Count IV that the Court determine and declare that the Greene Defendants and Nautical Defendants use of trademarks bearing the picture, name, image, likeness, signature and other indicia of Marley in connection with the sale of clothing was unauthorized and was so similar so as to cause confusion as to the source and origin of the goods and damaged the Plaintiff's goodwill and business reputation and violated the Plaintiff's common law trademark rights;

J. Under Count V that the court determine and declare that:

1) the Plaintiffs and the Defendants David Greene, Eric Greene and AAA Silk Screen Corp. entered into binding and enforceable contracts/settlement agreements;

2) the Defendants, David Greene, Eric Greene and AAA Silk Screen Corp. breached the contracts/settlement agreements with the Plaintiffs by manufacturing, distributing and selling infringing products depicting the Marley Rights and otherwise engaged in acts in violation of the Plaintiffs' rights;

C.A. NO.

3) as a result of the Greene Defendants' breaches of the Agreements, the Plaintiffs are entitled to an award of damages under Count V in the minimum amount of $350,000.00, plus attorneys' fees and costs.

K.  Under Count VI that the court determine and declare that:

4) the Plaintiffs and the Defendants David Greene, Eric Greene and AAA Silk Screen Corp. entered into binding and enforceable contracts/settlement agreements;

5) the Defendants, David Greene, Eric Greene and AAA Silk Screen Corp. breached the contracts/settlement agreements with the Plaintiffs by manufacturing, distributing and selling infringing products depicting the Marley Rights and otherwise engaged in acts in violation of the Plaintiffs' rights;

6) as a result of the Greene Defendants' breaches of the Agreements, the Plaintiffs are entitled to specific enforcement of the Settlement Agreements including permanent injunctive relief and an award of damages in the minimum amount of $350,000.00, plus attorneys' fees and costs.

L.  That Judgment issue against the Greene Defendants under Counts I, II, III, IV, V, and VI and against the Nautical Defendants under Counts I, II, III and IV in an amount to be determined by the trier of fact, together with interest and costs;

M.  That Plaintiffs be awarded damages for the injury to Plaintiffs' reputation, good will in an amount up to three times the actual damage and/or profit of the Greene Defendants and Nautical Defendants together with attorneys' fees, disbursement and costs of this action pursuant to 15 U.S.C. § 1117;

C.A. NO.

N.  That HOPE ROAD be awarded exemplary damages in an amount sufficient to punish or set an example of the Greene Defendants and the Nautical Defendants, and each of them, which amounts will be proved at trial;

O.  That Plaintiffs be awarded their reasonable attorney's fees and costs;

P.  That the Greene Defendants and the Nautical Defendants be ordered to deliver any and all remaining infringing goods to the Plaintiffs for destruction pursuant to 15 U.S.C. § 1118, including an award of costs incurred by Plaintiffs for the destruction of such articles.

Q.  That Plaintiffs be awarded the Greene Defendants' and the Nautical Defendants' profits from their unlawful acts and that an accounting be rendered of such profit.

R.  That the Plaintiffs be awarded such other and further relief as this Court deems just and equitable.

Respectfully submitted,
FIFTY-SIX HOPE ROAD MUSIC, LTD.
ZION ROOTSWEAR, LLC.
By its attorneys,

TIMOTHY J. ERVIN
JOHN F. GALLANT
GALLANT & ERVIN, LLC
One Olde North Road, Ste. 103
Chelmsford, MA 01824
(978) 256-6041
Fax: (978) 256-7977
Email: john@gallant-ervin.com
       tim@gallant-ervin.com

C.A. NO.

Local Counsel,
FIFTY-SIX HOPE ROAD MUSIC, LTD.
ZION ROOTSWEAR, LLC
By its attorneys,


MORTON RIVKIND
Morton Rivkind, P.A.
1481 N.W. North River Drive
Miami, FL  33125
(305) 545-6633
Fax:  (305) 325-0080
Email: mrivkind@sprynet.com

JS 44 (Rev. 11/05)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

Fifty Six Hope Road Music, et al

**DEFENDANTS**

AAA Silk Screen Corp. et. al

ALTONAGA

MAGISTRATE JUDGE
TURNOFF

**(b)** County of Residence of First Listed Plaintiff **Bahamas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Morton Rivkind
Morton Rivkind, P.A.
1481 N.W. North River Drive
Miami, FL  33125

Attorneys (If Known)

N/A

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE
HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☑ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 1:06cv20145 | Altonaga | WCT

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☑ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgement

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO

N/A

JUDGE                              DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity)

15 U.S.C. §1114, §1116, §1125(a), §1121

LENGTH OF TRIAL via __5__ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

Morton Rivkind (TJB)

DATE

FOR OFFICE USE ONLY

AMOUNT $250.00  RECEIPT #  933624

01/20/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S) NOT SCANNED

## PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

### CASE NO. *06-20145-CV-CMA*
### DE# *1*

☐ **DUE TO POOR QUALITY, THE ATTACHED DOCUMENT IS NOT SCANNED**

---

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
  consisting of (boxes, notebooks, etc.)_____

☐ BOUND EXTRADITION PAPERS

☐ ADMINISTRATIVE RECORD (Social Security)

☐ ORIGINAL BANKRUPTCY TRANSCRIPT

☐ STATE COURT RECORD (Habeas Cases)

☐ SOUTHERN DISTRICT TRANSCRIPTS

☐ LEGAL SIZE

☐ DOUBLE SIDED

☒ PHOTOGRAPHS

☐ POOR QUALITY (e.g. light print, dark print, etc.)

☐ SURETY BOND (original or letter of undertaking)

☐ CD's, DVD's, VHS Tapes, Cassette Tapes

☐ OTHER = _____

# EXHIBIT "1"