UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-20145-CIV-ALTONAGA/Turnoff

**FIFTY-SIX HOPE ROAD MUSIC,
LTD.**, et al.,

      Plaintiffs,

vs.

**AAA SILK SCREEN CORP.**, et al.,

      Defendants.

_____/

ORDER ON MOTION TO WITHDRAW ADMISSIONS
AND MOTION FOR SUMMARY JUDGMENT,
AND ORDER TO SHOW CAUSE

**THIS CAUSE** came before the Court upon Defendants, AAA Silk Screen Corp., E.D.S. Enterprises, Inc. d/b/a Platinum Image, David Greene, Eric Greene, and Sharyn Greene's (the "Greene Defendants[']") Motion to Withdraw Admissions [D.E. 190], filed on September 21, 2007; and Plaintiffs' Motion for Summary Judgment [D.E. 170], filed on August 17, 2007. Plaintiffs' Motion for Summary Judgment is premised largely upon the Greene Defendants' failure to respond to Plaintiffs' requests for admissions, resulting in those requests being deemed admitted. In their response to Plaintiffs' Motion, the Greene Defendants seek to withdraw their deemed admissions. The Court has carefully considered the parties' written submissions, the record, and applicable law.

On April 11, 2007, Plaintiffs served the Greene Defendants with 319 requests for admission. On May 11, 2007, the Greene Defendants were granted an extension through May 31, 2007 to serve their responses to Plaintiffs' requests for admissions. The Greene Defendants never responded to Plaintiffs' requests, nor did they move for a further extension of time in which to do so. As a result,

by operation of rule, Plaintiff's requests for admissions were deemed admitted.  *See* Fed. R. Civ. P. 36(a).

On August 17, 2007, Plaintiffs filed a Motion for Summary Judgment [D.E. 170], seeking the entry of summary judgment on their claims against the Greene Defendants.  In their Statement of Undisputed Material Facts [D.E. 170-2], Plaintiffs relied upon the Greene Defendants' failure to respond to Plaintiffs' requests for admissions, asserting that the Greene Defendants had been deemed to have admitted, among other things, that they: (1) printed t-shirts with the name, image, likeness, trademark, photograph and/or indicia or combination of the same of Bob Marley in 2004-2006; (2) did such printing without being granted a license or other authority from Plaintiffs, the trademark holders; (3) used Plaintiffs' own trademark, trade name and legal line on their infringing goods, giving the appearance that the goods had their origins with Plaintiffs; and (4) sold the t-shirts containing Plaintiffs' trademark.  (*See Stat. of Undis. Mat. Facts* at ¶¶ 5-6, 9-11).  Plaintiffs assert that the Greene Defendants are also deemed to have admitted that their sale of t-shirts containing Plaintiffs' trademark was in violation of the August 30, 2002 and January 20, 2004 Settlement Agreements between the parties.  (*See id.* at ¶¶ 18-22).

The Greene Defendants' response to Plaintiffs' Motion for Summary Judgment was due to be filed on September 4, 2007.  The Greene Defendants failed to respond to Plaintiffs' Motion, and on September 6, 2007, the Court entered a 20-Day Notice [D.E. 180] advising the Greene Defendants that should they fail to respond to Plaintiffs' Motion on or before September 27, 2007, Plaintiffs' Motion would be considered by and ruled upon by the Court in the absence of the Greene Defendants' response.  On September 21, 2007, nearly four months after their responses to Plaintiffs'

requests for admissions were due, and nearly one month after fact discovery closed, the Greene Defendants filed the instant Motion to Withdraw Admissions.[1]

Trial of this matter is set for the two-week trial period beginning on November 26, 2007.  The parties' pretrial stipulation and motions *in limine* are due to be filed on October 29, 2007.  In effect, what the Greene Defendants seek is an Order allowing them to withdraw their admissions of all of the key facts in this case (despite their clear unwillingness to diligently participate in discovery), avoid the entry of summary judgment, and proceed to trial.

Under Federal Rule of Civil Procedure 36(b), a request deemed admitted for failure to respond:

> is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

In *Perez v. Miami-Dade County*, 297 F.3d 1255 (11th Cir. 2002), the Eleventh Circuit discussed at length the two-part test set forth in Rule 36(b), holding that "a district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend admissions when it applies some other criterion beyond the two-part test -- or grossly misapplies the two-part test --  in making its ruling."

---

[1] The Greene Defendants also filed a response to Plaintiffs' Motion for Summary Judgment [D.E. 181], in which they relied wholly upon their argument that, should the Court grant their Motion to Withdraw Admissions, summary judgment would be precluded because genuine issues of material fact would exist with respect to the key elements of Plaintiffs' claims.  Notably, this response was filed on September 12, 2007.  The Greene Defendants failed to actually file the Motion to Withdraw Admissions until the Court explicitly ordered them to file the document so the Court could properly rule upon the Motion for Summary Judgment.

*Id.* at 1265.[2]  The undersigned must thus determine whether the two-part test justifies allowing the Greene Defendants to withdraw their admissions.

Part One of the Rule 36(b) test requires the Court to consider whether the withdrawal will subserve the presentation of the merits of the merits of the case.  This part of the test "is 'satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Id.* at 1266 (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  Here, Plaintiffs assert in their Motion for Summary Judgment that the Greene Defendants have admitted all of the central elements of Plaintiffs' claims against them.  Therefore, the first part of the Rule 36(b) test counsels in favor of allowing the withdrawal of admissions.[3]

Part Two of the Rule 36(b) test requires the Court to consider whether the withdrawal will prejudice Plaintiffs in the presentation of their case.  As the *Perez* Court explained:

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Id.* (quoting *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1578 (11th Cir. 1988)).  With respect to this element, Plaintiffs assert that they have had difficulty identifying evidence to support their claims because the Greene Defendants did not keep detailed records of their business or of their employees.

---

[2] The Eleventh Circuit specifically noted, through citations to earlier cases, that a district court's inclination to sanction the party that failed to respond to requests for admissions would not excuse the court from properly considering the Rule 36(b) factors.  *See id.*

[3] Plaintiffs assert that because the Greene Defendants have failed to take any discovery in this case, the merits of the case will not be disputed even if the case proceeds to trial.  As Plaintiffs themselves recognize, however, the Greene Defendants may themselves testify at trial to dispute Plaintiffs' evidence.

Case No. 06-20145-CIV-ALTONAGA/Turnoff

This is not the type of prejudice contemplated by Rule 36(b). Instead, what the Rule seeks to prevent is a party's reliance upon the other party's admissions for an extended period of time during which evidence is destroyed, witnesses are lost, or other difficulties arise. In this case, the difficulties Plaintiffs have in preparing their case because of a lack of evidence have existed from the inception of the case. Rule 36(b) does not allow the Court to hold the Greene Defendants to their admissions simply because Plaintiffs' case is a difficult one to prove in the absence of those admissions.

The two-part test set forth in Rule 36(b) requires the Court to allow the Greene Defendants to withdraw their admissions, despite the Defendants giving no justification whatsoever for their failure to respond to Plaintiffs' validly-issued discovery requests. Accordingly, it is

**ORDERED AND ADJUDGED** that the Greene Defendants' Motion to Withdraw Admissions **[D.E. 190]** is **GRANTED**. As a result, Plaintiffs' Motion for Summary Judgment **[D.E. 170]**, which principally relies upon the Greene Defendants' deemed admissions, is **DENIED**.

The undersigned is mindful of the fact that this result is not a particularly just one. In effect, the Greene Defendants are being rewarded for their failure to comply with the rules of discovery and failure to diligently participate in this case. Therefore, it is **ORDERED AND ADJUDGED** that, **on or before October 26, 2007**, the Greene Defendants shall show cause in writing why they should not, as a sanction, be ordered to reimburse Plaintiffs for fees and costs expended in the preparation of their Motion for Summary Judgment [D.E. 170] and their response to the Greene Defendants' Motion to Withdraw Admissions [D.E. 195]. If the Greene Defendants show cause in writing, Plaintiffs shall file any opposition within ten (10) calendar days, which opposition is to include a statement of fees and expenses. Any reply memorandum must be filed within five (5) calendar days thereafter. If the

Case No. 06-20145-CIV-ALTONAGA/Turnoff

Greene Defendants do not show cause in writing by October 26, Plaintiffs are to submit an affidavit of fees and expenses, and an order of sanctions against the Greene Defendants will be entered without further notice.

       **DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of October, 2007.


                                          **CECILIA M. ALTONAGA**
                                          **UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1) Magistrate Judge William C. Turnoff
(2) Counsel of record